UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACQUELINE M. LAJARA,

      Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

21-CV-6946 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, Jacqueline M. Lajara, who is a Bronx County resident appearing *pro se*, brings this action under 42 U.S.C. § 405(g), purportedly seeking judicial review of a final decision of the Commissioner of Social Security. By order dated August 18, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the Court's complaint form for actions brought under 42 U.S.C. § 405(g). In question 6 of the form complaint, Plaintiff states that the Administrative Law Judge's decision is dated "April/2021." Plaintiff does not answer questions 7 and 8, which respectively ask for the date of the Appeals Council letter and the date Plaintiff received that letter. Plaintiff also does not attach to her complaint a copy of the Appeals Council letter. It is therefore unclear whether Plaintiff has exhausted the administrative review process prior to filing this action.

## DISCUSSION

The Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was

party." 42 U.S.C. § 405(g). If a complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for jurisdiction under § 405(g). *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'").

The "final decision" requirement has two elements. The first is the requirement that a claim for benefits be presented to the Commissioner of Social Security. The second is the requirement that the administrative remedies of the Social Security Administration (SSA) be exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning the computation of benefits; (2) seek reconsideration; (3) request a hearing before an administrative law judge (ALJ); and (4) request that the Appeals Council review the ALJ's decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Once the Appeals Council issues a final decision, the plaintiff may seek review of it in a federal district court.[1]

A plaintiff's failure to exhaust may be excused, either by the Commissioner or, under limited circumstances, by the courts. *City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts look to the following factors to excuse failure to exhaust: "(1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and (3) that plaintiff[] would suffer irreparable harm

---

[1] "[I]f . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision." *Sims v. Apfel*, 530 U.S. 103, 107 (2000). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id.*

if required to exhaust administrative remedies." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

It is not clear from Plaintiff's complaint that she has exhausted the administrative review process or received a final decision from the Commissioner of Social Security regarding her claim for benefits. Plaintiff also does not set forth facts demonstrating that any failure to exhaust should be excused. Because Plaintiff does not allege facts showing that this Court has jurisdiction under § 405(g) to hear her claims, her complaint cannot proceed at this time.

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because the nature and viability of Plaintiff's claims are not clear, the Court grants Plaintiff leave to amend her complaint to show that she exhausted administrative remedies with the SSA before filing this action in federal court, or to set forth facts showing that her failure to exhaust administrative remedies should be excused, consistent with the standards set forth above.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claim. Using the complaint form for actions brought under 42 U.S.C. § 405(g), Plaintiff must:

a) provide the date of the ALJ's decision;

b) provide the date of the Appeals Council letter;

c) provide the date she received the Appeals Council letter; and

d) attach a copy of the Appeals Council letter to her amended complaint.

If Plaintiff has not exhausted her administrative remedies, she must include facts showing that her failure to exhaust her administrative remedies should be excused. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-6946 (LTS). An Amended Social Security Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has consented to receive electronic service of notices and documents in this case. (ECF No. 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 23, 2021
       New York, New York

                                                    /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Write your full name.

\_\_\_\_\_CV_____
Include case number only if one has been assigned.

-against-

COMMISSIONER OF SOCIAL SECURITY

**AMENDED**

**COMPLAINT FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

The plaintiff respectfully alleges:

1. This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), or section 1631(c)(3) of the Social Security Act, 42 U.S.C. § 1383(c)(3), for review of a final decision of the Commissioner of Social Security.

2. This case is properly brought in the Southern District of New York because the plaintiff is a resident of the county of
   and the State of
   **or** (optional)
   has a principal place of business in the county of
   and the State of

3. The plaintiff's social security number is

4. The defendant is the Commissioner of the Social Security Administration and has full power and responsibility over Social Security and Supplemental Security Income benefit determinations under the Social Security Act.

5. The Social Security Administration issued an unfavorable decision regarding the plaintiff's application for, or eligibility to receive, benefits under Title XVI of the Social

Rev. 3/22/18

Security Act (SSI - Supplemental Security Income) or Title II of the Social Security Act (Disability Insurance, Retirement, or Survivors benefits).

6. The plaintiff requested a hearing before an Administrative Law Judge, a hearing was held, and the Administrative Law Judge issued a decision denying the plaintiff's claim, by decision dated (date of Administrative Law Judge decision) _____

7. The plaintiff requested a review, and the Appeals Council denied the plaintiff's request, or otherwise issued an unfavorable decision, on (date of Appeals Council letter) _____, making the Administrative Law Judge's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g) or § 1383(c)(3).

8. The plaintiff received the letter from the Appeals Council on (date of receipt of letter) _____

### IMPORTANT

**Please attach a copy of the Appeals Council's letter to this complaint.**

You may file this complaint even if you do not have the Appeals Council letter or cannot answer all of the questions, but you may be required later to provide the missing information.

9. The Commissioner's decision was not supported by substantial evidence in the record, or was based on legal error.

WHEREFORE, the plaintiff respectfully requests that the Court:

a) direct the defendant to appear before the Court;

b) order the defendant to submit a certified copy of the administrative record, including the evidence upon which the findings and decisions complained of are based;

c) upon such record, modify or reverse the decision of the defendant and grant the plaintiff maximum monthly Social Security benefits or Supplemental Security Income benefits as allowable under the Social Security Act; and

d) grant such other relief as may be just and proper.

PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

You must sign and date the complaint. Attach additional pages if necessary. You must also either pay the filing fee or submit an application to proceed without prepayment of fees.

_____    _____
Dated                              Plaintiff's Signature

_____    _____
First Name      Middle Initial     Last Name

_____
Plaintiff's Address

_____    _____
County, City              State                Zip Code

_____    _____
Telephone Number                  Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No
  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



**To all individuals who have <u>Social Security</u> or <u>Supplemental Security Income</u> cases:**

The New York County Lawyers Association has provided free legal assistance to thousands of people who cannot afford lawyers. If you cannot afford a lawyer, you may qualify for free legal representation in your appeal in the Southern District of New York.

If you would like to consult with a lawyer, please call Carolyn A. Kubitschek, at (212) 349-0900. We cannot promise that everyone who calls will get a lawyer, but we are committed to providing as many individuals as possible with free legal representation in their federal appeals.

Sincerely,

*Anthe Maria Bova*

Anthe Maria Bova

General Counsel & Director of Pro Bono Programs